UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JUSTIN BURLEY-BEAVERS,

    Plaintiff,

  v.

THU DINH NGUYEN and BICHVAN LE,

    Defendants.

Case No. 3:23-cv-01890-YY

ORDER

    On August 7, 2024, the court ordered a hearing on the question of whether plaintiff received from the Wampler, Carroll, Wilson & Sanderson ("Wampler") law firm monetary payments that he was required to report on his application to proceed *in forma pauperis* ("IFP"). ECF 15. The hearing was held on August 27, 2024, and plaintiff appeared remotely with counsel as directed. Before asking plaintiff any questions regarding his IFP application, the court asked plaintiff whether he declared under penalty of perjury that the responses he would be providing were true, and he responded affirmatively.

    Plaintiff admitted that the Wampler firm paid him "reimbursements" of $200 for each location he visited as an ADA tester. Plaintiff represented that, on average, he received $600 per month in such "reimbursements." Plaintiff explained that, at each location, he purchased goods, such as beef jerky, or services, such as a massage. He also incurred the cost of transportation, including gas. Plaintiff admitted, however, that his expenditures never reached $200 per location. Therefore, where plaintiff received payments that exceeded his expenditures, those

1 – ORDER

amounts should have been reported on his IFP application. Further, because plaintiff spent money for expenses in conjunction with this lawsuit, he should have marked "yes" in response to question 10, rather than "no." Plaintiff explained that he answered "no" to question 10 because he misunderstood the question and believed it pertained only to attorney's fees. Plaintiff also claimed that, before submitting the form, he relied on the advice of an attorney, who told him it "looked fine."

Plaintiff further admitted that he did not include information regarding his "part-time job" on his IFP application. Plaintiff represented that he has had this part-time job since 2022, explained that he had reported the part-time job on subsequent IFP applications, and claimed that he had mistakenly failed to include this information on the IFP application in this case. The court assumes that plaintiff was referring to his job with a parking company, which he reported on other IFP applications in 2024. On those applications, plaintiff reported that he had been working at the parking company since January 1, 2023, his employment was continuing, and he received $800 per month in gross income.

Plaintiff signed the IFP application "under penalty of perjury." Perjury requires "willful intent to provide false testimony." *United States v. Taylor*, 749 F.3d 842, 848 (9th Cir. 2014). The courts finds that plaintiff's omissions were not willful, but made due to "confusion, mistake, or faulty memory." *See id.* After considering the information that plaintiff omitted, the court finds that he still qualifies to proceed *in forma pauperis*. Therefore, this ends the court's inquiry on this issue.

IT IS SO ORDERED.

DATED September 3, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

2 – ORDER